UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| MICHAEL EDWARD HUGHES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:18-cv-10209 |
| MERRICK BANK CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes MICHAEL EDWARD HUGHES ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MERRICK BANK CORPORATION ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 *et seq.* for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and

1

1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 49 year-old residing at 15810 Beech Daly Road, Taylor, Michigan, which lies within the Eastern District of Michigan.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39),

6. Defendant provides credit cards, loans and services, to consumers located throughout the United States. Defendant is registered at 10705 South Jordan Gateway, Suite 200, South Jordan, Utah, and it regularly collects upon consumers located in Michigan.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately July 2017, Plaintiff began receiving calls from Defendant to his cellular phone, (734) XXX-6766.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6766. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant mainly calls Plaintiff's cellular phone using the phone number (866) 874-0110, but upon belief, it has used other numbers as well.

12. Upon information and belief, the above referenced phone number ending in 0110 is regularly utilized by Defendant to make outgoing calls to consumers it is collecting upon.

13. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, before a live representative begins to speak.

14. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an individual named "Patricia."

15. Plaintiff is unfamiliar with any individual by that name, so he notified Defendant as such and demanded that it stop calling him.

16. Despite informing Defendant that it was calling the wrong person and demanding that it cease contacting him, Defendant continued to regularly call Plaintiff's cellular phone up through the fall of 2017.

17. Defendant has even called Plaintiff's cellular phone multiple times during the same day, even after being notified that it was calling the wrong person and to stop calling.

18. Plaintiff has received not less than 19 phone calls from Defendant seeking to collect upon an unknown individual

19. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $49.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

21. Defendant's phone calls have caused Plaintiff a great deal of stress and have been very harassing to him.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

**C**OUNT **I – V**IOLATIONS OF THE **T**ELEPHONE **C**ONSUMER **P**ROTECTION **A**CT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, which Plaintiff experiences on answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Defendant violated the TCPA by placing at least 19 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party with whom Plaintiff has no familiarity. As such, he could not have given Defendant consent to contact him. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, which it did not, Plaintiff explicitly revoked any consent by his demands that Defendant cease contact.

27. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had ample reasons to be aware that it was calling the wrong party yet it continued its attempts to harass Plaintiff into making payment on a debt for which he had no underlying obligation.

WHEREFORE, Plaintiff, MICHAEL EDWARD HUGHES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT**

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

31. Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

32. The subject debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

    **a. Violations of M.C.L. § 445.252(f)(ii)**

33. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

34. Defendant violated M.C.L. § 445.252(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system without his consent and after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

    **b. Violations of M.C.L. § 445.252(n)**

35. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

36. Defendant violated the MCPA when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 19 times after he demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite of his information and demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

37. Defendant was notified by Plaintiff that its calls were not welcomed and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to him.

### c. Violations of M.C.L. § 445.252(q)

38. The MCPA, pursuant to M.C.L. § 445.252(q), subjects regulated persons to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

8

39. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff informed Defendant that he was not the underlying debtor and demanded that the calls stop, yet the calls continued. This demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were for the wrong party and were unwelcome and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

40. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff that he did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant seeking collection of a debt for which he was not responsible. In a willful manner, Defendant called Plaintiff repeatedly, notwithstanding his demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating the willful failure to implement adequate procedures designed to prevent violations of the MCPA.

WHEREFORE, Plaintiff, MICHAEL EDWARD HUGHES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1).

 

   c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

   d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

   e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 17, 2018                                             Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 17, 2018                                             Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com